# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TIMOTHY D. WEATHERS *doing business
as* TRUSTIN TRANSPORTATION, LLC.,

     Plaintiff,

v.                             No. 1:19-cv-00669-JCH-LF

CIRCLE K STORES, INC., PROTECTIVE
INSURANCE COMPANY, and 19th CAPITAL
TITLING LIMITED, *doing business as* 19th
CAPITAL, A DIVISION OF QUALITY COMPANIES,

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on (i) the parties' responsive briefs to the Court's Order

for Additional Briefing (ECF Nos. 38-42); (ii) Plaintiff Timothy Weathers d/b/a Trustin

Transportation LLC.'s Motion for Remand to the State District Court (ECF No. 25); and (iii)

19th Capital Titling Limited d/b/a 19th Capital, a Division of Quality Companies' Motion to

Dismiss without Prejudice for Improper Venue under Mandatory Forum Selection Clause (ECF

No. 14).

## A.     BACKGROUND

According to Plaintiff's complaint, mislabeled gasoline from a Circle K Store caused

about $19,000 in repair damages to his truck that he drove as a FedEx independent contractor.

On June 14, 2019, Plaintiff filed his original lawsuit in the Second Judicial District Court of New

Mexico, bringing state-law claims for negligence, breach of contract and of the covenant of good

faith and fair dealing, and for a statutory violation of the New Mexico Unfair Claims Practices

Act. *See* Pl.'s Compl., ECF No. 1. On that same day, Plaintiff certified that his case was not

subject to referral to arbitration under state-court local rules because he sought a damages award

in excess of $25,000. *See id.* at 22. About a month later, on July 19, 2019, Mr. Weathers certified that he served the complaint on Defendants Circle K and 19th Capital on June 20, 2019 and Defendant Protective on June 21. *See id.* at 23-25.

On July 20, 2019, 19th Capital removed the lawsuit to federal court based on the diversity of the parties' citizenship under 28 U.S.C. § 1332(a). Only 19th Capital signed the removal notice. But 19th Capital represented that "[c]onsent to the removal has been obtained from Defendants Circle K and Protective. Circle K provided consent through counsel … via email July 9, 2019. Protective consented to removal through counsel … via email July 16, 2019." *Id.* at 4. On July 22, 2019, Circle K filed a notice of consent to removal. *See* ECF No. 5. Although Protective filed no similar notice of consent to removal, it did file an answer on July 26, 2019. *See* ECF No. 9.

On July 29, 2019, 19th Capital moved to dismiss, pointing to a forum selection clause indicating that disputes between it and Plaintiff would be referred to Indiana courts. *See* ECF No. 14. On August 19, 2019, Plaintiff in turn moved to remand, contending that his insurer, Protective, did not consent to removal jurisdiction in the correct form or time-frame. According to Plaintiff, Protective did not independently and unambiguously consent to removal, either by signing the notice of removal or by filing clear, separate consent within 30-days under 28 U.S.C. §§ 1446(b)(1), (b)(2)(A).

On September 3, 2019 – 45-days after removal – Protective filed a motion opposing Plaintiff's remand motion and telling the Court that it wishes to litigate this case in federal court. *See* ECF No. 29. That same day, Protective also filed a notice of consent to removal. *See* ECF No. 30.

On November 21, 2019, the Court told the parties that it questioned whether the amount in controversy exceeded $75,000. Plaintiff's complaint did not specify his damages and the removed record showed only that Plaintiff sought a damage awarded in excess of $25,000. The Court ordered the parties submit jurisdictional facts and evidence, noting that this could be done by submitting "evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence" *id*. at 7, and/or "by reference to plaintiff's informal estimates or settlement demands." *Id*. 6-7 (citations omitted).

Defendants responded by pointing to a June 6, 2019 demand letter from Plaintiff to Defendants in which Plaintiff estimated his damages at about $499,500.00 and offered to settle the case for $250,000. *See* ECF No. 38-1, 3. Plaintiff replied that, at the end of the day, these numbers are inexact estimates, and so "any ambiguities are construed against removal and in favor of remand to state court." ECF No. 41, 3 (quoting *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014)).

Amount in controversy aside, Plaintiff contends that the case should be remanded for two additional reasons. First, Plaintiff intends to amend his complaint to join a non-diverse fuel transporter whose presence will destroy diversity jurisdiction. Second, Protective's alleged technical errors in the removal process violated the so-called "unanimity rule," which requires all defendants to consent to removal. *Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, 1181 (D.N.M. 2017).

**B.      DIVERSITY AND REMOVAL JURISDICTION**

The Court describes and analyzes: First, whether Defendants have carried their burden of proof to demonstrate that the amount in controversy component of 28 U.S.C. § 1332(a) is met. Second, the effect of Plaintiff's proposed amendment to add an in-state fuel transporter. Third,

whether 19th Capital's indication of Protective's consent to removal, along with Protective's own filings in federal court, sufficiently establish unanimous and timely consent to removal.

1. **Amount in Controversy**

As noted earlier, Plaintiff's five-count complaint did not specify his damages. "In this situation, [the court] place[s] the burden on the party seeking to remove the case to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Halsey v. AGCO Corp.*, 755 F. App'x 524, 526–27 (6th Cir. 2018) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014)) (other citation omitted). "The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (citation omitted) (emphases in original). There are several non-exclusive ways that a removing defendant can demonstrate the amount in controversy including, as relevant here, by calculation from the complaint's allegations and/or by reference to the plaintiff's informal estimates or settlement demands. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012) (citation omitted).

The complaint's allegations and Plaintiff's estimates show that Plaintiff's damages may exceed $75,000. As for the complaint's allegations, Plaintiff maintained that Defendants are liable for "harm and damages to himself and his property, including but not limited to: over $18,927.61 in repair damages to his 2015 Kenworth Truck; diminution in value of the truck; loss of use – failure to provide a rental replacement for the truck; loss of contract with [FedEx]; business interruption losses; … loss of future contracts … emotional distress, anxiety and depression." Pl.'s Compl., ¶¶ 53, 61, 68, 80, 90. Circle K and Protective are liable, Plaintiff says, for "the value of an undamaged truck, continuation of his contract with FedEx … payment of his

missed lease payments, and the value of continuation of his business and future endeavors," *id.* at 19. Furthermore, against Protective Plaintiff seeks punitive damages and statutory attorneys' fees for Protective's alleged bad-faith failure to pay a valid claim for "downtime" coverage that Plaintiff presented to Protective. Against 19th Capital he seeks "compensatory damages and attorneys' fees." *Id.* at 19.

While Plaintiff's complaint did not quantify these damages, his demand letter did. In that letter, he told Defendant that they are responsible for the cost of a rental replacement truck at $45,000; $104,000 for the loss of Plaintiff's FedEx contract; $100,000 in business interruption losses; and $500 for travel reimbursement. In addition, he estimated that other consequential and emotional damages total $150,000 and seeks a combination of punitive damages and attorneys' fees totaling $100,000. Plaintiff put his damages at $499,500 and said he would settle the case for $250,000. *See* ECF No. 38-1, 3. Plaintiff's own estimation of his claim is telling. *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal …."); *Horn v. Guglielmo & Assocs. PLLC*, No. 18-CV-1129-MV-SCY, 2019 WL 2272778, at *3 (D.N.M. May 28, 2019) ("The Court finds Plaintiff's settlement offers most compelling in determining the jurisdictional amount."). Accordingly, the combination of Plaintiff's estimates and allegations sufficiently establish that it is more likely than not that Plaintiff seeks damages exceeding $75,000.

### 2. Adding an In-State Party

Plaintiff tells the Court that he intends to amend his complaint to join a non-diverse fuel transporter whose presence will destroy diversity jurisdiction. Plaintiff has since learned that an in-state fuel transporter, Refined Fuels LLC, supplied the mislabeled fuel to Circle K. Refined

Fuels is therefore a necessary party because it shoulders responsibility for his harm, Plaintiff says.

Under the federal removal statutes, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). However, as the Tenth Circuit has explained, under § 1447(e), a plaintiff "does not have an absolute right to join such parties":

> Federal Rule of Civil Procedure 15(a)(2) allows amendments only with leave of the opposing party or the court. Further, under Rule 19 the district court must determine whether the party sought to be joined is indispensable. If so, Rule 19 requires the court either to join the party, in which case remand is necessary under § 1447(e), or to deny joinder, in which case Rule 19(b) also requires that the action be dismissed. If the defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court.

*McPhail v. Deere & Co.*, 529 F.3d 947, 951–52 (10th Cir. 2008) (footnotes and citations omitted).

Here, Plaintiff has not actually added Refined Fuels as a party. As in *McPhail* the removed complaint "names parties who are wholly diverse," and therefore no jurisdictional defect exists. *Id.* 529 F.3d at 952. If Plaintiff files a proposed amendment the Court will "determine whether to grant leave to amend, whether any additional named parties are indispensable, and, if not, whether permissive joinder is appropriate."[1] *Id.* In sum, the Court has diversity jurisdiction over the removed case.

### 3. Unanimity Rule

Plaintiff's final argument challenging federal jurisdiction is that Protective did not independently consent to removal. As noted earlier, 19th Capital removed the case. In its July 20,

---

[1] Plaintiff can no longer amend his complaint once as a matter of course under Fed. R. Civ. P. 15(a)(1) because Defendants filed either answers or Rule 12 motions and Plaintiff did not amend his complaint within 21-days of the earlier of these filings.

2019, removal notice, 19th Capital stated that Protective and Circle K consented to removal, but only 19th Capital signed the removal notice. Two days later, Circle K filed a notice of consent to removal on the docket. At that time, Protective filed no similar notice of consent to removal, but it did file an answer six days after removal. And then on September 3, 2019 – 45-days after removal – Protective filed a notice of consent to removal and brief opposing Plaintiff's remand motion. In that opposition brief, Protective told the Court that it consented to litigation in federal court.

Plaintiff argues that a removing defendant's assertion of a non-removing defendant's consent to removal is insufficient and therefore this case must be remanded. According to Plaintiff, Protective had to sign 19th Capital's removal notice, file a notice of consent, or lodge its own removal notice within the 30-day removal period. The activity Protective did take – filing an answer, opposition brief, and consent to removal 45-days after removal – is no substitute. Defendants respond that a removing defendant may "vouch" for the consent of non-removing defendants without those defendants having to file anything further. Defendants contend that 19th Capital's removal notice, signed under Fed. R. Civ. P. 11, properly represented that removal was warranted by law and not pursued for an improper purpose.

A defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. § 1446(b)(1). When the plaintiff names and serves multiple defendants, all defendants "must join in or consent to the removal of the action." § 1446(b)(2)(A). Federal courts refer to this as the "unanimity rule." *Zambrano*, 256 F. Supp. 3d at 1181; *Lapides v. Bd. of Regents of Univ. Sys. of Ga.,* 535 U.S. 613, 620 (2002) (citation omitted). "A plaintiff may move to remand the case to state court on

the basis of a defect in the removal process, including a failure of all defendants to consent to removal." *Szuszalski v. Fields*, No. 1:19-CV-0250 RB-CG, 2019 WL 5964602, at \*2 (D.N.M. Nov. 13, 2019) (citations omitted). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citation and internal quotation marks omitted).

Just recently in November 2019, a discussion of the unanimity rule's purpose, history and operation was set forth in the Court's decision in *Szuszalski v. Fields*, 2019 WL 5964602 at \*1. In that case, three Sandoval County defendants represented by the same lawyer removed the plaintiff's 42 U.S.C. § 1983 case from state to federal court. The removal notice stated that a fourth defendant, represented by a different lawyer, consented to removal. But that lawyer did not sign the removal notice. Within two weeks of removal, however, the non-removing defendant filed a motion to dismiss and a jury trial demand. *Id.* at \*7. And 27-days after the case was removed and before the Plaintiff filed a motion to remand, the non-removing defendant filed its consent to removal on the docket. The question presented was whether the removing defendants' vouching of consent in the removal notice, coupled with the non-removing defendant's filings – a motion to dismiss, jury trial demand, separate notice of consent, and brief opposing the plaintiff's remand motion – satisfied the unanimity rule. *Id.* at \*1.

Answering yes, Judge Brack noted that neither the text of the removal statute nor Supreme Court or Tenth Circuit precedent specifies how defendants are to give their "consent" to removal or the time-frame for that consent. After thoroughly analyzing numerous factors, *see e.g. id. at* \*3-8, the Court concluded that the non-removing defendant in that case consented to removal in a sufficient form and time-frame. As to form of consent, the removing defendants

"actively obtained" the non-removing defendant's consent and noted such consent in their removal notice. *Id.* at *8. Then the non-removing defendant moved to dismiss, filed a jury trial demand, and a separate notice of consent, all of which the Court found "sufficient to establish unanimity." *Id*. at *7. As to the time-frame to give notice of consent, the Court acknowledged that it was a "close[] call," because the non-removing defendant did not indicate her consent within 30-days of being served with the complaint. *Id*. at *8, 11. However, because 28 U.S.C. § 1446(b)(2)(A), "only requires that all defendants consent to removal," but is otherwise "silent regarding when that consent must take place," the Court found that the non-removing defendant's consent was sufficient and timely. *Id.*

The *Szuszalski v. Fields* Court pointed out that judges within the District of New Mexico have reached different results regarding the form consent must take. *See id*. at *3 (collecting cases). Thus, it is true that in the past the Court has specifically advised lawyers for non-removing defendants who wish to consent to removal to "(1) sign[] the notice of removal, (2) fil[e] a separate notice of removal, or (3) fil[e] a notice of consent," and has cautioned lawyers: "[d]o not rely on phone calls or emails or handshakes. Do not rely on a co-defendant's counsel to say something on your client's behalf. File something with the Court." *Anderson v. City of Albuquerque*, No. 113CV01102JAPACT, 2014 WL 12798371, at *1-2 (D.N.M. Jan. 23, 2014). But it is also true that the Court has told lawyers that "there is no such [written] requirement in the [removal] statute" and that such a requirement introduces "procedural hurdles that Congress did not create …." *Szuszalski v. Fields*, 2019 WL 5964602 at *7 (quoting in part *Tresco, Inc. v. Cont'l Cas. Co.*, 727 F. Supp. 2d 1243, 1255 (D.N.M. 2010)). Judge Brack even acknowledged that a written requirement simplifies the removal process for plaintiffs and courts, but ultimately

voiced his "reluctan[ce] to impose a judicially-made procedural requirement that is not found in the statute or in this district's local rules." *Id.*

With this background in mind, the Court finds persuasive *Szuszalski v. Fields*'s reasoning and holds that the combination of 19th Capital's indication of Protective's consent in the removal notice, combined with Protective's filing of an answer, opposition brief to Plaintiff's remand motion, and a separate notice of consent shows unanimity. 19th Capital expressly stated in the removal notice that it obtained Protective's consent, setting this case apart from those where removing defendants gave anemic representations of their co-defendant's consent. *See e.g. Pioneer Asset Inv. Ltd. v. Arlie & Co.*, No. CV 15-00387 ACK-KSC, 2015 WL 9665667, at *3 (D. Haw. Dec. 14, 2015), *report and recommendation adopted*, No. CV 15-00387-ACK-KSC, 2016 WL 70445 (D. Haw. Jan. 5, 2016) (removing defendant's claim in removal notice that "upon information and belief," the other defendant "will not object to removal" found insufficient); *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007) (remanding case where the notice of removal was "silent as to whether [a co-defendant] consented to removal" and gave no explanation for the co-defendant's the absence). 19th Capital also vouched for Protective's consent to removal pursuant to Rule 11, which "puts the signing attorney at risk for sanctions for making false averments[.]" *Szuszalski v. Fields*, 2019 WL 2019 WL 5964602 at *6 (citation and internal quotation marks omitted).

Furthermore, federal courts have found that a non-removing defendant's act of filing of an answer within days of removal and subsequently filing an opposition brief to a remand motion demonstrates unanimity. *See Esposito v. Home Depot U.S.A., Inc.,* 590 F.3d 72, 77 (1st Cir. 2009) (unanimity satisfied where the non-removing defendant filed an answer and later opposed the plaintiff's motion to remand); *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 202 (6th Cir.

2004) (non-removing defendant consented to removal by filing an answer within 30-days of being served with the complaint despite the fact that he filed no separate consent to removal); *Stone v. Bank of New York Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015) (non-removing defendant that did not join in the notice of removal later sufficiently indicated consent when it filed an brief opposing plaintiff's remand motion) (unpublished).

And while it is somewhat troubling that Protective docketed its consent 45-days after removal and *after* Plaintiff already moved for remand, making it look like a curative attempt, the Court notes that the removal statute is silent regarding when consent must take place. This case therefore resembles *Couzens v. Donohue*, where the Eight Circuit was "reluctan[t] to apply the unanimity requirement in a hypertechnical and unrealistic manner," where the non-removing defendant filed a consent to removal 31-days after its co-defendants removed the case and one-day after the plaintiff moved to remand. 854 F.3d 508, 515 (8th Cir. 2017) (citation and internal quotation marks omitted). The *Szuszalski v. Fields* Court favorably cited and discussed *Couzens* in similarly voicing its "reluctan[ce] to impose a definitive time limit," for a non-removing defendant to join in consenting to removal given the statute's silence. 2019 WL 5964602 at *9. While Protective's notice of consent, standing alone, would not demonstrate consent, when viewed together with 19th Capital's indication of Protective's consent, Protective's answer, and Protective's opposition brief to Plaintiff's remand motion, the facts of this case are virtually indistinguishable from those in *Szuszalski v. Fields*. Protective has therefore sufficiently expressed its consent to removal. Federal jurisdiction over this case is proper, and Plaintiff's motion to remand is denied.

## C.     19TH CAPITAL'S MOTION TO DISMISS

Plaintiff leased his 2015 Kenworth truck from 19th Capital under an Individual Program Lease Agreement. 19th Capital contends that this lease includes a mandatory forum selection clause requiring all actions of any kind in connection with the contract to be brought in Indiana courts. Paragraph 25 of the lease includes a provision stating:

> **GOVERNING LAW**. This Agreement shall be interpreted under the laws of the State of Indiana, without giving effect to its conflict of laws provision. Any action or litigation of any kind whatsoever in connection with this Agreement shall be adjudicated in a court of competent jurisdiction located in Indiana. The Lessee [Plaintiff] hereby consents to the jurisdiction of such courts and to service of process by any means authorized by Indiana or Federal law and hereby waives the right to transfer the venue of any such litigation or action.

ECF No. 14, ¶ 25 at 16. Moreover, Plaintiff's complaint refers to an agreement between Plaintiff and 19th Capital called the Quality Business Services Terms and Application. That agreement calls for Quality Companies, which 19th Capital is a division of, to provide Plaintiff "business services," that could include business consulting, profit/loss planning, generating monthly financial statements, benchmarking Plaintiff's business performance against competitors, and tax services. *See* ECF No. 14 at 21. That agreement likewise contained a provision stating:

> This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of Indiana without reference to its conflicts of laws principles, and proper venue for any dispute related to the terms and conditions of this Agreement shall be in this state or federal court sitting in Indianapolis, Indiana.

*Id*. at 21-22.

In response, Plaintiff made no counterargument concerning the alleged forum selection clause. Instead, Plaintiff argued that procedurally speaking, Rule 12(b)(3) is a defective mechanism to enforce such a clause in light of the Supreme Court's 2013 case *Atl. Marine*

*Constr. Co., Inc. v. U. S. Dist. Court*, 571 U.S. 49, 134 S.Ct. 568, 575-579 (2013), which the Court next examines.[2]

**1. 19th Capital's motion to dismiss is denied because venue is proper in this District**

The Tenth Circuit previously endorsed the use of a motion to dismiss under Fed. R. Civ. P. 12(b)(3) to enforce a forum selection clause. *See*, *e.g.*, *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992) ("A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)."). In 2013, however, the Supreme Court explicitly held that motions pursuant to Federal Rule of Civil Procedure 12(b)(3) are improper procedural mechanisms for the enforcement of forum selection clauses. *See Atl. Marine Constr. Co., Inc. v. U. S. Dist. Court*, 571 U.S. 49, 134 S.Ct. 568, 575-579 (2013); *Niemi v. Lasshofer*, 770 F.3d 1331, 1351 (10th Cir. 2014) (acknowledging the Supreme Court's holding).

As made clear by *Atlantic Marine*, Federal Rule of Civil Procedure 12(b)(3) "allow[s] dismissal only when venue is . . . 'improper' in the forum in which [a case] was brought." 134 S.Ct. at 577. Since the "federal venue provisions . . . alone define whether venue exists in a given forum[,]" *id.* at 578, resolution of a 12(b)(3) motion "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws," *id.* at 577. Because venue is proper "irrespective of any forum-selection clause" when these requirements

---

[2] Plaintiff requests attorneys' fees for having to respond to 19th Capital's 12(b)(3) motion given that the Supreme Court clearly stated in *Atlantic Marine* that Rule 12(b)(3) is a prohibited mechanism to enforce a forum selection clause. It is true that 19th Capital obviously overlooked *Atlantic Marine*, forcing Plaintiff to respond to a legally defective motion. But it was no hardship for Plaintiff to do so, as evidenced by Plaintiff's short, three-page brief. Plaintiff's request for attorneys' fees is therefore denied. 19th Capital is reminded, however, to take care to competently analyze and cite precedent and ensure that its legal contentions are warranted by existing law. *See* Fed. R. Civ. P. 11(b).

are satisfied, *id.* at 578, this Court must rely solely on the relevant federal venue statute in ruling on Defendant's Motion to Dismiss.

The federal statute controlling venue in removed actions is 28 U.S.C. § 1441. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-666 (1953); *Lundahl v. Pub. Storage Mgt., Inc.*, 62 F. App'x 217, 218 (10th Cir. 2003) (unpublished). "Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Polizzi*, 345 U.S. at 666 (quoting § 1441(a)). Because 19th Capital removed this case from the Second Judicial District Court in Bernalillo County, New Mexico, this District embraces the place where the present action was pending, and venue is proper in this Court. *See* 28 U.S.C. § 111 ("New Mexico constitutes one judicial district."). Accordingly, Rule 12(b)(3) does not authorize dismissal of Plaintiff claim, and 19th Capital's motion to dismiss must be denied.

## 2. The proper mechanism for enforcement of the contract venue provision is a motion to transfer under 28 U.S.C. § 1404(a)

The appropriate mechanism for enforcement of a forum selection clause is either a motion for transfer under 28 U.S.C. § 1404(a) or a motion to dismiss on *forum non conveniens* grounds. *See Atl. Marine*, 134 S.Ct. at 579-80. Determination of the proper motion depends on the forum described by the clause at issue. "Section 1404(a) . . . provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Id.* at 579. Conversely, a motion to dismiss on *forum non conveniens* grounds is the proper mechanism for enforcement when the relevant clause points to a nonfederal forum. *Id.* at 580. A district court must apply § 1404(a), rather than the doctrine of *forum non conveniens*, to enforce a forum selection clause that points to both federal and nonfederal forums. *See id.* at 575, 581 (holding that the Fifth Circuit had "correctly identified § 1404(a) as *the* appropriate provision" to enforce

a forum selection clause mandating that litigation would take place in either the state or the federal district court in Norfolk, Virginia) (emphasis added); 17 James Wm. Moore et al., *Moore's Federal Practice* §111.04[3][a] (3d ed. 2015) ("When a forum selection clause … designates that the action may be brought in either state or federal court, then enforcement may be sought only through a [transfer motion] under § 1404.").

The contract venue provision at issue in this case points to both federal and state court in Indiana. Consequently, the proper mechanism to enforce the provision is a motion to transfer under § 1404.

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Where a motion for transfer under § 1404(a) is not based on a valid forum selection clause, the movant "bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir.1991). In deciding whether the movant has met this burden, "a district court considering a § 1404(a) motion must [ordinarily] evaluate both the private interests of the parties and public-interest considerations." *Atl. Marine*, 134 S. Ct. at 574. The Tenth Circuit has previously discussed the factors a district court should take into account when ruling on a § 1404(a) motion:

> [A] district court should consider . . . the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (internal alteration omitted).

In contrast, when a § 1404(a) motion is based on a "contractually valid" forum selection clause, the motion should be granted absent "extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine*, 134 S. Ct. at 581 & n.5. This is both because "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system" and because "the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice.'" *Id.* at 581 (first quoting *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring), then quoting § 1404(a)). A valid forum selection clause demonstrates that the parties have agreed in advance that a specified forum is convenient. *See id.* (quotation marks and citation omitted) ("[A] valid forum-selection clause . . . represents the parties' agreement as to the most proper forum."). Thus, when a plaintiff "def[ies] the forum-selection clause" by bringing suit in a forum not bargained for by the parties, "the plaintiff's choice of forum merits no weight," and "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 581-82. Moreover, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests," and may "consider [only] arguments about public-interest factors," such as "the administrative difficulties flowing from court congestion[,] the local interest in having localized controversies decided at home[,] and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n.6, 582 (internal citation, quotation marks, and alteration omitted). These factors "will rarely defeat a transfer motion." *Id.* at 582.

No party, however, has addressed the above private and public interest factors that this Court must consider in deciding a § 1404(a) transfer since 19th Capital brought its motion under

a procedurally defective Rule 12(b)(3) motion. Moreover, whether the contract venue provision is valid and binding on the parties and mandatory or permissive is crucial to this Court's determination of "the convenience of the parties" and "the interests of justice" factors. Nor has any party briefed the effect of the what appears to be a choice-of-law clause which states: "This Agreement shall be interpreted under the laws of the State of Indiana, without giving effect to its conflict of law provision." ECF No. 14 ¶ 5. *See Weber v. PACT XPP Techs., AG,* 811 F.3d 758, 770 (5th Cir. 2016) ("A choice-of-law analysis to determine what substantive law should guide this court's interpretation of the [forum selection clause] is proper under ordinary principles governing diversity litigation."). Lastly, 19th Capital acknowledges that its two co-defendants are not subject to the forum selection clause, but draws no legal conclusions. This appears to be a good point. The Court needs legal input from the parties on these various issues – including from Protective and Circle K, given that they did not sign the forum selection agreement at issue.

For all these reasons, the Court requires briefing concerning the above-referenced factors in the transfer analysis. 19th Capital will file its brief on or before **January 23, 2020**. Protective and Circle K are subject to the same deadline. However, they will focus on the issue of transfer as non-forum selection clause defendants, but remain free to address other issues too. Plaintiff will respond on or before **February 6, 2020**. Defendants will reply on or before **February 20, 2020**.

**IT IS THEREFORE ORDERED that**

1. Plaintiff's Motion for Remand to the State District Court **(ECF No. 25)** is **DENIED**;

2. 19th Capital's Motion to Dismiss without Prejudice for Improper Venue under Mandatory Forum Selection Clause **(ECF No. 14)** is **DENIED without prejudice** and the parties will brief the transfer analysis in the sequence described above.

**IT IS SO ORDERED**.


_____
Senior United States District Court Judge