# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

TIMOTHY D. WEATHERS *doing business as* TRUSTIN TRANSPORTATION, LLC.,

    Plaintiff,

v.                                  No. 1:19-cv-00669-JCH-LF

CIRCLE K STORES, INC., PROTECTIVE INSURANCE COMPANY, and 19th CAPITAL TITLING LIMITED, *doing business as* 19th CAPITAL, A DIVISION OF QUALITY COMPANIES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Protective Insurance Company's "Brief Regarding Transfer as a Non-Forum Selection Clause Defendant," which the Court construes as a Motion for Transfer of Venue to the United States District Court for the Southern District of Indiana. *See* ECF No. 44.

It is well-established that for a transferee court to receive a transferred case, it must have subject matter jurisdiction, personal jurisdiction over the parties, and venue must be proper. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Because Protective did not analyze whether the transferee court would have personal jurisdiction over each Defendant, Protective's motion is **DENIED**.

    **I.**        **BACKGROUND**

The Court describes Plaintiff Timothy D. Weathers' d/b/a Trustin Transportation, LLC's complaint in the light most favorable to the Plaintiff. *See Hancock v. Tel. and Tel. Co., Inc.*, 701 F.3d 1248, 1261 (10th Cir. 2012). According to the complaint, mislabeled gasoline from a Circle K Store caused about $19,000 in repair damages to Plaintiff's commercial truck that he drove as a FedEx independent contractor. On June 14, 2019, Plaintiff filed his original lawsuit in the Second Judicial District Court of New Mexico, bringing state-law claims for negligence, breach of contract and of the covenant of good faith and fair dealing, and for a statutory violation of the New Mexico Unfair Claims Practices Act.

On July 20, 2019, Defendant 19th Capital Titling Limited d/b/a 19th Capital, a Division of Quality Companies removed the lawsuit from state to federal court based on the diversity of the parties' citizenship under 28 U.S.C. § 1332(a).

Nine-days after removal, 19th Capital moved to dismiss the complaint for improper venue under Fed. R. Civ. P. 12(b)(3). In its Rule 12(b)(3) motion, 19th Capital explained that Plaintiff leased his commercial truck from 19th Capital under an Individual Program Lease Agreement, and 19th Capital pointed to a forum selection clause indicating that disputes between it and Plaintiff would be referred to Indiana courts.

On January 9, 2020, the Court denied, without prejudice, 19th Capital's motion to dismiss based on the Supreme Court's decision in *Atl. Marine Constr. Co., Inc. v. U. S.*

*Dist. Court*, 571 U.S. 49 (2013). After determining that venue is proper in the District of New Mexico under 28 U.S.C. § 1441, the Court explained that a motion to transfer under § 1404 is the proper mechanism for enforcement of a forum selection clause, rather than a Rule 12(b)(3) motion. Because no party had addressed the relevant private and public interest factors that the Court must consider in deciding a § 1404 transfer, nor had they conducted a conflict-of-law analysis to establish which law applied in determining whether the forum selection clause was valid and binding on the parties, the Court requested the parties to brief these issues.

Regarding Defendants Protective and Circle K Stores, Inc., those Defendants were non-signatories to the forum selection clause that was the basis of 19th Capital's motion to transfer venue. As such, the Court specifically asked those Defendants to address "the issue of transfer as non-forum selection clause defendants," ECF No. 43 at 17, given that they were non-signatories to the forum selection clause and had no part in the contract between 19th Capital and Plaintiff.

In response, Protective filed the current motion for transfer of venue to the Southern District of Indiana on January 23, 2020. According to Protective – regardless of the forum selection clause between 19th Capital and Plaintiff – the interests-of-justice factors favor litigation in the Southern District of Indiana because Protective is an Indiana corporation, the events underlying Plaintiff's claims-handling dispute against Protective arose in Indiana, some evidence and witnesses are located there, and the Indiana federal

3

court supposedly has a less congested docket than this Court. As such, Protective contends that, regardless of the forum selection clause, the Court should transfer the action for convenience, efficiency, and the interests of justice.

On January 23, 2020, Co-Defendant Circle K filed a brief taking the opposite position. Circle K pointed out that, to its knowledge, the Indiana federal court has no personal jurisdiction over Circle K, and that Circle K's only connection to that state is that it operates gasoline stores there, none of which were involved in this case.

Lastly, on February 25, 2020, Plaintiff filed a notice of voluntarily dismissal without prejudice of all claims against 19th Capital. Therefore, 19th Capital – the Defendant who originally filed a motion to transfer venue to Indiana – is no longer a party to this case.

## II. STANDARD OF REVIEW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). A court should decide motions to transfer on an individualized, case-by-case basis. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Id.* at 1515. In considering a motion to transfer, the court should consider the following discretionary factors:

the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp.*, 928 F.2d at 1516). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Id.* (quoting *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)). Unless the balance of interests "is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Scheidt*, 956 F.2d at 965.

### III. DISCUSSION

#### a. Protective did not address whether the transferee district would have personal jurisdiction over all Defendants

For the court in the transferee district to be one in which the case may have been brought, the transferee court must have subject matter jurisdiction, must have personal jurisdiction over the parties, and venue must be proper. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (noting that where action might have been brought depends on whether transferee court has proper venue and personal jurisdiction over parties); *Chrysler Credit Corp.*, 928 F.2d at 1515 ("§ 1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants, even if they consent to suit

there."). In other words, venue must be proper in the transferee district and the transferee court must have jurisdiction over all the defendants. *See Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed.Appx. 86, 106 (10th Cir. 2012).

Here, the Court is unable to fully examine the threshold question of whether this case might have been brought in the transferee district because Protective did not address whether that district would have personal jurisdiction over Co-Defendant Circle K. Protective says is that is unaware "of any reason why the United States District Court for the Southern District of Indiana would not have personal jurisdiction over all Defendants." ECF No. 44 at 9. However, it was Protective's burden, as the moving party, to *prove* that the transferee district would have personal jurisdiction over each Defendant. *See Lutron Electronics vs. Creston Electronics*, No. 2:09–cv–00707–DB–BCW, WL 1529249, at *2, (D. Utah April 14, 2010) (denying defendant's motion to transfer venue because moving defendant could not show that transferee court had personal jurisdiction over all defendants). Protective's bare statement, without more, is insufficient to carry that burden, especially given that Circle K argues that the transferee district would not have personal jurisdiction over it and Circle K does not consent to jurisdiction there. Accordingly, the Court will not transfer this litigation to a forum with which Circle K has no meaningful connection other than operating gasoline retail stores that have no factual connection to this litigation.

## IV. CONCLUSION

Because Protective has not carried its threshold burden to show that this case might have been brought in the Southern District of Indiana, the Court proceeds no further in the transfer analysis.

**IT IS THEREFORE ORDERED that** Defendant Protective Insurance Company's "Brief Regarding Transfer as a Non-Forum Selection Clause Defendant," which the Court construes as a Motion for Transfer of Venue to the United States District Court for the Southern District of Indiana **(ECF No. 44)** is **DENIED**;

**IT IS SO ORDERED**.

_____
JUDITH C. HERRERA
SENIOR UNITED STATES DISTRICT JUDGE